### No. 37,572

PAUL FLAHARTY, *Appellee* v. WAYNE REED, *Appellant.*
(205 P. 2d 905)

Opinion filed May 7, 1949.

*Simeon Webb,* of Pittsburg, and *F. H. Richart,* of Joplin, Mo., argued the cause, and *Charles W. Hill,* of Pittsburg, was with them on the briefs for the appellant.

*Ben W. Weir,* of Pittsburg, argued the cause, and *H. Gordon Angwin,* of Pittsburg, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages for injuries sustained as the result of a collision of automobiles. The defendant's demurrer to the petition was overruled and he appeals.

The action was commenced February 16, 1948. In his petition plaintiff alleged that U. S. Highway No. 160 extends west from Pittsburg, and that it is paved with black-top to a width of approximately twenty-four feet, and "that on the morning of March 18, 1946, at about the hour of 2:30 o'clock, and while it was dark," defendant Reed stopped, parked and left his automobile standing on the above highway at a designated place west of Pittsburg, in a negligent manner as later set forth; that plaintiff, a farmer by occupation, was walking along on the shoulder of the highway on the north side of the pavement and had reached a point about twenty feet west of defendant's automobile, when an automobile driven in a westerly direction by Lewis E. May struck Reed's automobile with such force that Reed's automobile was driven and forced in a northwesterly direction into and against plaintiff, causing him severe injuries which need not be detailed, and that all of the injuries were caused by the negligent and careless acts of Reed in the following particulars. We shall detail only the substance of the allegations of these particulars, which is: (1) That Reed parked his automobile on the left or north side of the pavement, the automobile being

headed in a southeasterly direction and in such position that it obstructed the entire north half of the paved portion of the highway and extended over and onto the south half of the pavement. (2) That the automobile was parked at a place where it was practical to park it off of the paved portion of the highway, and was parked "in such a position that there was less than twenty-five feet of the pavement and traveled portion of the highway opposite his said automobile free and unobstructed for the passage of other vehicles and at a place where there was not a clear view of his automobile from a distance of two hundred feet" in each direction, in violation of G. S. 1945 Supp. 8-570. (3) That defendant parked his automobile between the hours of one-half hour after sunset and one-half hour before sunrise, without exhibiting and showing lights as provided by G. S. 1945 Supp. 8-586. (4) That defendant's automobile was not disabled, but was in running condition, and was parked at such an angle across the highway it presented the appearance of a dark object not visible and was confusing and misleading to May. Other allegations are not of present importance.

Because of contentions later made we note that defendant filed his demurrer on the ground the petition did not disclose facts sufficient to constitute a cause of action. This demurrer was orally argued and was taken under consideration by the trial court, the parties being given permission to file briefs. Before a ruling was had, plaintiff asked for and received permission to amend by inserting the letters "A. M." following the words "2:30" in the first quotation above, by striking the word "five" after the word "twenty" in the second quotation above, and to change a word in the allegation as to injuries sustained. Thereafter defendant filed his motion to strike the amendments, alleging they were made after the statute of limitation had run. He also filed a second demurrer, alleging the petition did not state facts sufficient to constitute a cause of action, and for the further reason the cause of action, stated by reason of the amendments to the original petition, was barred by the statute of limitations. The trial court then heard arguments on the second demurrer and upon consideration overruled it and defendant's appeal followed.

Appellant first directs our attention to authorities holding that it is negligence as a matter of law for a motorist to operate his vehicle on the highway at such a speed it cannot be stopped within the distance that objects can be seen ahead of it, and that the

driver must be able to stop at night within the distance an object becomes visible in his headlights, and directing attention to the allegation that his car was parked in such a position that there was less than twenty-five feet of the pavement free and unobstructed, argues there was room for May to have seen his car and to have passed it safely, and his failure to do so made May's negligence the active and proximate cause of the collision. The premise assumed cannot be sustained for two reasons. Appellant's argument that the allegations of the petition concede that May had up to twenty-five feet of clear highway is based on an isolated allegation interpreted unfavorably to the appellee. It was clearly alleged the pavement was about twenty-four feet wide and that appellant's car occupied the north half and a part of the south half of the highway. Appellee was entitled to an interpretation there was something less than twelve feet of unobstructed highway. The argument also ignores allegations that appellant's car was on the wrong side of the highway, was unlighted, was in such position there was no clear view of it from a distance of 200 feet, as well as other allegations subject to consideration. The second reason is that we are not presently concerned with whether May was negligent or not. The real question is whether appellant was guilty of negligence which was a proximate cause of plaintiff's injuries.

Appellant's contention that there was no sufficient allegation of his negligence is predicated in part on his contention the petition discloses that from the point where he parked his car to the south side of the traveled portion of the road left a clear space of up to twenty-five feet. What has been said is sufficient on that point. He also contends that the allegation of his violation of G. S. 1945 Supp. 8-586, is defective in that nowhere is there any allegation that no lights were displayed. The contention is without merit. The allegation that appellant parked his automobile "without exhibiting and showing lights" as required by the above statute was sufficient. Without any repetition of allegations, we think it clear that the petition sufficiently alleged that defendant parked his car, in the nighttime, at a place where such parking was not only prohibited by statute, but was inherently dangerous, and that he did nothing to warn other users of the highway of his act. Whether those acts made him guilty of actionable negligence depends on whether they were the proximate or legal cause of plaintiff's injuries.

The gist of appellant's argument that if he was guilty of any negligence, it was not the proximate or legal cause of the accident, is that where it is admitted that two distinct and successive acts, unrelated in their operation, conjoin to produce an injury, the question of remote and proximate cause becomes one of law and not one of fact (citing *Smith v. Mead Construction Co.*, 129 Kan. 229, 282 Pac. 708; *Richards v. Chicago R. I. & P. Rly. Co.*, 157 Kan. 378, 139 P. 2d 427); that mere violation of a statute regulating traffic is not of itself sufficient to constitute actionable negligence, and to make the actor liable, it must appear the violation contributed to the injury and was the proximate cause of it (citing *McCoy v. Fleming*, 153 Kan. 780, 113 P. 2d 1074; *Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 185 P. 2d 158; *Crawford v. Miller*, 163 Kan. 718, 186 P. 2d 116; *Baker v. Western Cas. & Surety Co.*, 164 Kan. 376, 190 P. 2d 850); that the proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act (citing *Atherton v. Goodwin*, 163 Kan. 22, 180 P. 2d 296); that the proximate cause is the producing cause, not the one supplying the condition, but the one producing the injury (citing *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416), and from all it is argued that appellant's act in parking his car may have supplied the condition, but that only the act of May caused the appellee's injuries; that although appellant's act may have created a condition, there was no natural and continuous sequence of events that produced the appellee's injuries; that May's act was an efficient intervening cause which produced the injury and was not a natural and probable consequence of appellant's act in parking his car at the time and place and under the conditions alleged.

In *Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590, this court felt impelled to say that there were scores of our own decisions and thousands in the reported cases dealing with the law of negligence and that reference to any considerable number of them was an impossibility. In that case, where many authorities are cited, it was said that the negligence charged must have been the proximate or legal cause of the injury, and that ordinarily the question was for the jury, and that negligence, no matter of what it may consist, cannot create a cause of action unless it is the proximate cause of the injury of which complaint is made; that

it is impossible to state an exact rule for determining when a cause is proximate or when it is remote, and that each case must be decided largely on the special facts belonging to it; that the test of proximate cause is that which determines an injury to be the proximate result of negligence only where the injury is the natural and probable consequence of the wrongful act, an additional condition sometimes stated being that it must appear that the injury was anticipated or that it should have been foreseen by the person sought to be charged with liability. In that opinion after some discussion of concurrent and intervening causes, it was said that if two distinct causes are successive and unrelated in operation, they cannot be concurrent, and that the rule that the causal connection between an actor's negligence and an injury is broken by the intervention of a new, independent and efficient intervening cause, so that the actor is without liability, is subject to the qualification that if the intervening cause was foreseen or might reasonably have been foreseen by the first actor, his negligence may be considered the proximate cause notwithstanding the intervening cause, and also that one who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of some third person may have contributed to the final result. In that case it was held that it was not a necessary element of negligence that one charged with it should have been able to anticipate the precise injury sustained.

In *Atherton v. Goodwin,* supra, the court again considered the question whether alleged negligence was the proximate or remote cause of the damages alleged to have been sustained. In that case the question was whether negligent driving over a scale, causing it to weigh incorrectly, subjected the driver to damages to the owner for losses sustained by reason of paying for wheat incorrectly weighed on the damaged scale. Reference is made to the opinion for a discussion that whether the negligent action was the proximate cause of plaintiff's loss was a question for the jury. In that case it was held:

"It is not a necessary element of negligence that one charged with it should have been able to anticipate the precise injury sustained." (Syl. ¶ 1.)

"The negligence charged must have been the proximate or legal cause of the injury." (Syl. ¶ 2.)

"The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury

being the natural and probable consequence of the wrongful act." (Syl. ¶ 3.)

"There is no precise formula for marking the line between proximate and remote consequences following a negligent act, and ordinarily, the questions of negligence, including proximate cause, and whether damages sought could have been foreseen or anticipated by the exercise of ordinary prudence and foresight, are for the jury." (Syl. ¶ 4.)

Although our own decisions cover the matter, we note that in *Scott v. Simms*, (Va.) 51 S. E. 2d 250 (opinion filed January 10, 1949), the supreme court of appeals considered a case quite similar to the one at bar. In effect it was there held that in order to constitute an intervening act relieving a defendant of negligence, such act must so entirely supersede the operation of the defendant's negligence that it alone, without defendant's contributing negligence, produced the injury.

In our opinion it is not debatable but that the allegations of the petition charged the appellant with acts which constitute actionable negligence if they are the proximate and legal cause of appellee's injuries. We are likewise of the opinion that the parking of appellant's car, under the circumstances, cannot be isolated from later events. The parking of the car did more than merely furnish a condition. When appellant, in the nighttime, parked his unlighted car insuch manner that, facing in the wrong direction, it obstructed the north half of the highway and part of the south half thereof, he must have anticipated or foreseen that some other person using the highway might collide with it or be injured in person or property by its being left there. It was not necessary that he anticipate or foresee the particular injury sustained by the appellee. Under the circumstances pleaded it was clear that some harm to some person might well result. It ought not be said that the act of May in colliding his car with that of the appellant, in the circumstances alleged in the petition, was an independent and efficient intervening cause of the accident, for had the parked car been absent, May would have gone on down the highway and appellee would not have sustained his injuries. Appellant having negligently created the dangerous condition cannot escape liability for the natural and probable consequence which followed.

We have not overlooked appellant's reliance on *Cruzan v. Grace,* 165 Kan. 638, 198 P. 2d 154, and *Cotter v. Freeto,* 166 Kan. 23, 199 P. 2d 484. It is not necessary that these cases be reviewed for a mere reading of them will disclose there is nothing in either at variance with our conclusion.

We conclude that the petition sufficiently alleged facts showing that appellant was gulity of negligence which was a proximate cause of the appellee's alleged injuries, and that the trial court did not err in so ruling.

Appellant further argues that the petition discloses the appellee was guilty of negligence which contributed to his injuries. The basis for this contention is that appellee alleged that he was walking on the highway fifteen or twenty feet west of appellant's car, the direction appellee was proceeding not being alleged; that if he was approaching, he should have been aware, and if he had already passed the parked car, he knew of its presence. Appellant filed no motion to ascertain the direction in which appellee was proceeding, and we shall not speculate thereon. Appellant relies on *Sweet v. Railroad Co.*, 65 Kan. 812, 70 Pac. 883, and *Cooper v. Southwestern Bell Telephone Co.*, 159 Kan. 67, 151 P. 2d 692, in support of his contention that one aware of the danger of pursuing a given course and being under no compulsion to encounter the same, but who freely does so, cannot recover for injuries which he may sustain. The rule is sound but it has no application here. From the allegations of the petition, we cannot say that appellee ever saw the applicant's unlighted car, but had he seen it, he did not have to anticipate that some third person would drive into it and force it upon him. If there be any proof warranting submission thereof, the jury should determine the question of contributory negligence.

Appellant argues also that the trial court committed error in permitting appellee to amend his petition after the statute of limitations had run. Assuming the question is properly before us, a short answer is that the amendments did not change the cause of action stated in the original petition, nor did they supply any defect in the original petition. As shown by the first quotation heretofore made appellee alleged appellant parked his car on the morning of March 19, at about the hour of 2:30 and while it was dark. An amendment to insert the letters "A. M." after "2:30" was unnecessary to fix the time, but the fact it was made neither changed the cause of action stated, nor did it prejudice the appellant. The other amendment objected to was to change "25" to "20" in the second allegation quoted above. The only purpose was to make the figure agree with that set forth in the statute mentioned. That amendment neither changed the cause of action nor prejudiced the appellant.

The trial court did not err in ruling on the demurrer and the ruling is affirmed.