No. 38,601

RUTH E. SHIDELER, a widow, *Appellant,* v.
ANTHONY HABIGER, *Appellee.*

(243 P. 2d 211)

Opinion filed
April 12, 1952.

*Edward Rooney, Jacob A. Dickinson* and *David Prager,* all of Topeka, were
on the briefs for the appellant.

*Basil W. Kelsey,* of Ottawa, and *T. F. Railsback,* of Kansas City, were on
the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for wrongful death. The defendant's demurrer to the plaintiff's amended petition was sustained and she appeals.

In her amended petition plaintiff alleged that she was the widow of Vernon G. Shideler, deceased, and the mother of his two minor children and that his estate had not been administered nor a personal representative appointed; that on December 17, 1949, the defendant was driving his automobile south on Monroe Street in the city of Topeka at a speed of ten miles per hour; that a passenger bus operated by the Topeka Transportation Company was traveling along the street immediately behind defendant's automobile and started to pass defendant's automobile when the defendant, without a warning signal, turned his automobile to the left toward a driveway on the east side of Monroe Street at a point just opposite the intersection of Monroe and Fourteenth Streets; that defendant turned his automobile directly into the path of the bus and the bus and automobile collided on their sides causing the bus to drive directly into an electric light pole on the south side of the driveway causing the light pole to be broken off at its base and to fall to the ground carrying with it many wires carrying electrical current of high voltage; that the light pole and wires were the property of The Kansas Power and Light Company; that as a result of the fall of the pole and the tearing loose of wires the resulting condition constituted a dangerous hazard to members of the public walking along the adjacent sidewalk or driving along the street, and that persons unknown to plaintiff called the Light Company forthwith to repair its lines and restore them to a condition of safety; that at the time Vernon G. Shideler was an employee of and was sent by the Light Company to the location to make necessary repairs and restore a condition of safety and in making such repairs it was necessary that Shideler climb an adjacent light pole to handle the displaced electrical lines, and that while he was atop the pole it fell with Shideler, causing his death; that the pole fell because it was dangerously weakened and broken below the ground surface by the pull of the wire from the pole which had been knocked down by the bus. Plaintiff further alleged that her husband's death was the direct legal and proximate result of the negligence of the defendant in the following: (1) In turning his automobile directly into the path of the bus, causing the bus to collide with the light pole. (2)

In failing to keep a lookout for other vehicles to the rear of his automobile, when by the exercise of reasonable care he could have seen the bus and avoided a collision. (3) In turning his automobile to the left without giving a signal as provided by a quoted section of an ordinance of the city of Topeka and in other particulars which need not be set forth at length. Allegations as to the age of the deceased, earning capacity and defendant's loss are not presently material.

The defendant's demurrer to the amended petition, on the ground it failed to state facts to constitute a cause of action against the defendant, was sustained and in due time plaintiff perfected her appeal, specifying as error the trial court's ruling.

Appellant states that the questions involved are, whether, as a matter of law, the petition failed to state a cause of action for the reason the negligence of appellee in colliding with the bus was not the proximate cause of the death of her husband, or whether, as a matter of fact, the question of proximate cause was for the jury to determine.

In considering appellant's contentions and her argument thereon, we shall assume, without more, that her petition adequately charged appellee with violations of the uniform act regulating traffic on highways of the state of Kansas and of the traffic ordinances of the city of Topeka, which would constitute actionable negligence if that negligence were the proximate or legal cause of the death alleged.

Appellant first directs attention to the rule stated in *Flaharty v. Reed,* 167 Kan. 319, Syl. ¶ 5, 205 P. 2d 905, that there is no precise formula for marking the line between remote and proximate consequences following a negligent act, and that *ordinarily* the questions of negligence, including proximate cause and whether an alleged intervening cause could have been foreseen or anticipated by the exercise of ordinary prudence, are for the jury, and then argues that the act of a third person, in attempting to remedy a situation created by the negligence of the original wrongdoer is not ordinarily an efficient intervening cause relieving the latter from liability for the resulting injury to the plaintiff, reliance being placed primarily on *Wagner v. International Railway Company,* 232 N. Y. 176, 133 N. E. 437, 19 A. L. R. 1, and to the annotation following the last citation on the subject of "Liability for death of, or injury to, one seeking to rescue another." Extensive review of the case relied on need not be made nor the facts set forth. The case involved liability of a railroad company, which negligently threw a passenger

from a crowded car on a trestle, to a relative who went to the rescue of the passenger and, in doing so, fell through the trestle. Reference to the opinion will disclose that the passenger was in imminent and immediate peril, and that plaintiff's act in going to his rescue was spontaneous. Appellant also directs attention to 38 Am. Jur. [Negligence § 8] page 739, to an annotation on "Negligence causing accident or threatening property damage as proximate cause of injury sustained in an effort to recover the property or avoid damages" in 64 A. L. R. 515, to *Leavenworth Coal Co. v. Ratchford,* 5 Kan. App. 150, 48 Pac. 927, and our decision in *Hutton v. Oil Co.,* 108 Kan. 197, 194 Pac. 925, as recognizing that the rule with reference to attempts to save persons exposed to peril is applicable to property. In the cases last mentioned the danger of destruction of the property involved was immediate and imminent and prompt action to save the property was necessary. Under the premises so laid appellant contends that appellee's acts caused the bus to knock down the electric light pole, pulling down the wire and creating a dangerous and perilous situation which it was the duty of the Light Company, through its employee Shideler, to immediately abate, and in abating which Shideler received his fatal injuries; that there was no efficient intervening cause which could not have been foreseen, and that whether appellee's acts were the proximate legal cause of Shideler's death may not be determined as a matter of law but must be determined as a matter of fact by a jury, and therefore the trial court erred in sustaining the demurrer.

It is first observed that the extent of appellant's allegation is that when the bus struck the electric light pole the pole broke and carried the wires carrying electricity to the ground. While it is alleged these wires constituted a "dangerous hazard" and a "dangerous condition" the amended petition contains no allegation that any person's life or property was then imperiled so that if either was to be saved immediate action was necessary, in other words, there is no allegation of any imminent peril.

As is indicated in the decisions later mentioned the question of negligence and what constitutes proximate cause of an injury has often been treated. For our purposes we need refer to only a few of our more recent decisions.

In *Haggard v. Lowden,* 156 Kan. 522, 134 P. 2d 676, this court considered a petition in a case wherein it was alleged that the train crew of a freight train, which had stopped in Topeka, went to a lunch counter while Haggard, the conductor, inspected the

train, and that the crew negligently left Topeka for Armourdale without Haggard; that while Haggard was inspecting the train he was rendered unconscious by a blow on the head, the injury in itself being insufficient to produce death; that due to failure of the crew to account for Haggard's absence, and in violation of certain rules, Haggard suffered from exposure and died. Reference is made to the opinion for a fuller statement of the facts, and of the contention of the administrator of Haggard's estate that his death was the proximate result of the negligence of the train crew. In the opinion may be found definition of proximate cause, and as to what are natural and probable consequences of negligence, quotations being made approvingly from 38 Am. Jur. 705, 712, that it is not enough that the injury be a natural consequence of the negligence, but also a probable one (§ 57) and that it has been said that natural and probable consequences are those which human foresight can anticipate because they happen so frequently that they may be expected to happen again, and that negligence carries with it liability for consequences which in the light of attendant circumstances could reasonably have been anticipated by a prudent man, but not for casualties which, although possible, were wholly improbable (§ 61). The court held:

"Generally the test to be applied to determine whether negligence is the proximate or legal cause of injuries received, is whether the injury is the natural and probable consequence of the wrongful act or omission, and it must appear that the injury is not only a natural but also a probable consequence.

"A person is not charged with all possible consequences of his negligent acts. He is not responsible for a consequence which is merely possible, according to occasional experience, but he is responsible for a consequence which is probable, according to ordinary and usual experience." (Syl. ¶¶ 2, 3.)

In *Rowell v. City of Wichita,* 162 Kan. 294, 176 P. 2d 590, plaintiff sought recovery for injuries sustained when a pop bottle was either thrown over or knocked from a ledge surrounding a stadium in the city of Wichita. In that case the court considered at some length the law with respect to negligence, proximate or legal cause, concurrent and intervening cause and associated questions. In the course of the opinion attention was directed to the comment of the Supreme Court of the United States in *Insurance Co. v. Tweed,* 74 U. S. 44, 19 L. Ed. 65, that insofar as proximate cause is concerned each case must be decided largely on the special facts belonging to it, as well as to many authorities upholding the decision of this court as reflected in the following paragraphs of the opinion:

"It is not a necessary element of negligence that one charged with it should have been able to anticipate the precise injury sustained.

"The negligence charged must have been the proximate or legal cause of the injury, and what is the proximate cause is ordinarily a question for the jury.

"The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.

"Natural and probable consequences are those which human foresight can anticipate because they happen so frequently they may be expected to recur." (Syl. ¶¶ 5, 6, 7, 8.)

In *Flaharty v. Reed,* supra, relied on by appellant, this court again considered the question of proximate cause under the allegations of a petition, again reviewed some of our decisions, and while holding that the petition then before the court stated a cause of action, held:

"In an action for damages sustained as a result of negligence, the negligence charged must have been the proximate or legal cause of the injury.

"The proximate or legal cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.

"If an intervening act was foreseen or might reasonably have been foreseen by the first actor, his negligence may be considered the proximate or legal cause of the injury, notwithstanding the intervening act." (Syl. ¶¶ 1, 2, 3.)

A review of the allegations of the petition now under consideration, made in the light of the above decisions and of authorities and the decisions referred to in them, leads to the conclusion that the rule contended for by appellant that the deceased was engaged in rescuing from imminent peril any person or property is not applicable to him. The allegations do not disclose a situation where the rule would apply but on the contrary show that it has no application. Insofar as proximate cause is otherwise involved we think there can be no question of fact involved. It seems clear from the allegations of the petition that the fall of the pole which decedent climbed was not a natural or probable result of any negligence of which appellee may have been guilty.

In our opinion it may be said as a matter of law that the allegations of the petition that the driver of an automobile who violates the traffic laws and collides with another vehicle which veers into an electric light pole and breaks it off so that it falls with the wires it carries, and the stress of those wires causes another pole to break off below ground and an employee of the light company climbs the

latter pole and is injured by its fall, discloses a series of facts which would occur so infrequently that the injury to the person of the climber of the pole may not be said to be the natural and probable result of the negligence of the driver.

We do not find it necessary to discuss appellee's contention the driver of the bus was guilty of negligence which was an efficient intervening cause of the injury.

The ruling and judgment of the trial court is affirmed.