(627 P.2d 361)

No. 51,720

REECE CONSTRUCTION COMPANY, INC., *Appellee*, v. STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, DEPARTMENT OF TRANSPORTATION OF THE STATE OF KANSAS, and GOVE COUNTY, KANSAS, *Appellants*.

Petition for review denied July 15, 1981.

Opinion filed May 1, 1981.

*M. Dean Burkhead*, of Riling, Norwood, Burkhead & Fairchild, Chartered, of Lawrence, for the appellant Gove County.

*Charles S. Scott, Jr.*, of the Kansas Department of Transportation, for the appellant State Highway Commission and Department of Transportation.

*Gary E. Laughlin*, of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and WILLIAM M. COOK, District Judge, assigned.

HERD, J.: Plaintiff-appellee Reece Construction Company sued defendants-appellants The State Highway Commission, Department of Transportation and Gove County, to recover damages incurred in the rebuilding of a bridge across the Smoky Hill River in Gove County. The trial court entered judgment for Reece in the amount of $151,132.05 plus costs. The defendants appeal.

In July, 1973, the then Highway Commission, acting as agent for Gove County, entered into a contract with Reece Construction Company, Inc. for the construction of a bridge across the Smoky Hill River in Gove County. The bridge was to be built pursuant to the Standard Specifications for State Road and Bridge Construction. On April 1, 1974, after the bridge was almost completed, a fire was discovered in a tarp covering the second span on the west side of the bridge. Several employees attempted to extinguish the fire with two small $CO_2$ fire extinguishers, but to no avail. The wind was so strong the fire extinguishers failed to put the fire out.

It spread rapidly over the top of the bridge and was out of control within a few minutes. The fire was so hot the employees could not get close enough to put it out with water from a small water pump nearby. The bridge was almost totally destroyed. Afterward, Reece made an investigation to determine the cause of the fire. Although the evidence is inconclusive, it is believed the blaze was started by a carelessly thrown cigarette butt. Due to the amount of destruction, the Highway Commission required Reece to demolish the remaining structure and completely rebuild the bridge. On December 31, 1974, Reece Construction Company notified the Highway Commission it would comply with that requirement but placed appellants on notice the company was making a claim for the costs of labor and material for this work as a claim for adjustment and dispute under § 105.15 of the Standard Specifications for State Road and Bridge Construction. After reconstruction, the bridge was accepted by appellants and the contract price was paid to Reece Construction Company. Reece brought suit for the cost of demolishing the burned bridge and rebuilding it. The trial court found for Reece and this appeal followed.

The issues on appeal are: Is the rebuilding of the burned bridge covered by the contract? If not, who has the burden of proving it falls within the exception?

The common law provides where there is damage to a structure during the performance of an indivisible construction contract, without fault of either party, the contractor has the duty to repair the structure. 13 Am. Jur. 2d, Building and Construction Contracts § 64, p. 67-68. An indivisible contract is one in which the contractor agrees absolutely and unqualifiedly to build a structure for a stipulated price, as opposed to a severable contract where several people perform different functions in completing the contract. There is no dispute the Gove County bridge contract is an indivisible contract and, under common law, Reece had the duty to rebuild the bridge at its expense.

The contract between the parties also makes the contractor responsible for the rebuilding of and restoration of damaged property. Kansas Highway Commission, Standard Specifications for State Road and Bridge Construction, § 107.16 (1973), provides:

"Until final written acceptance of the project by the Engineer, the Contractor

shall have the charge and care thereof and shall take every precaution against injury or damage to any part thereof by the action of the elements, or from any other cause, whether arising from the execution or from the nonexecution of the work. The Contractor shall rebuild, repair, restore, and make good all injuries or damages to any portion of the work occasioned by any of the above causes before final acceptance and shall bear the expense thereof except damage to the work due to unforeseeable causes beyond the control of and without the fault or negligence of the Contractor, including but not restricted to acts of God, of the public enemy or governmental authorities." p. 53.

The contract expressly imposes a duty upon Reece of having charge and care of the project and exercising every precaution against injury or damage to the construction from action of the elements or any other cause whether it arises from the execution or nonexecution of the work. Reece is expressly responsible for every *foreseeable* consequence to the construction regardless of fault. Section 107.16 provides for an exception in cases of damage caused by unforeseeable causes beyond the control of *and* without the fault or negligence of the contractor which includes acts of God, public enemies or governmental authorities. Appellee argues its duty ends if the cause of damage is unforeseeable *or* beyond its control *or* without its fault or negligence. Appellee also argues appellants had the burden of proving appellee's negligence to avoid paying the rebuilding expenses.

Appellants argue the exception provided in § 107.16 is stated in the conjunctive and, to fall within its purview, appellee must bear the burden of proof that the cause of damage to the structure was not only unforeseeable and beyond control of the contractor but was without its fault or negligence.

A contract clause identical to § 107.16 was construed in *Kansas Turnpike Authority v. Abramson,* 275 F.2d 711, 713 (10th Cir. 1960), an action by a contractor to recover for redoing work completed according to specifications but redone because of unusual rainfall on the project. The court stated:

" '[W]here one agrees to do for a fixed sum a thing possible to be performed, he will not be excused or become entitled to additional compensation, because unforeseen difficulties are encountered.' [Citations omitted.] . . .'When the principal object of the contract is to obtain a result . . . the risk of accomplishing such purpose or result is on the builder.' *Glass v. Weisner,* 172 Kan. 133, 238 P.2d 712, 716."

Normally, the party asserting there was negligence must shoulder the burden of proving its existence. *In re Estate of Morse,* 192 Kan. 691, 695, 391 P.2d 117 (1964). Appellee, how-

ever, as the party bringing the action, must also prove he can recover under the provisions of the contract. The contract includes Standard Specification § 107.16, stating that the contractor has control over the construction project and he is responsible for assuming the costs of rebuilding, restoring or repairing the work unless he falls within the exception to that rule. A party who seeks to take advantage of an exception to a contract is charged with the burden of proving the facts necessary to bring him within the exception. See *Davies Flying Service v. United States,* 216 F.2d 104 (6th Cir. 1954); 29 Am. Jur. 2d, Evidence § 144, p. 178.

We hold Reece Construction Company has the burden of proving it came within the exception to the contract, and therefore appellee must prove the fire on the bridge was unforeseeable and beyond its control and not caused by its fault or negligence. Foreseeability is an element of proximate cause. Note the following from *Schwarzschild v. Weeks,* 72 Kan. 190, Syl. ¶ 3, 83 Pac. 406 (1905):

"Negligence is the proximate cause of an injury when it appears that 'the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances.' "

In *Stevenson v. City of Kansas City,* 187 Kan. 705, 707, 360 P.2d 1 (1961), the court set forth general rules on negligence and proximate cause, quoting *Shideler v. Habiger,* 172 Kan. 718, Syl. ¶¶ 3, 4, 243 P.2d 211 (1952):

"Natural and probable consequences are those which human foresight can anticipate because they happen so frequently they may be expected to recur."

"While it is not a necessary element of negligence that one charged with negligence should have been able to anticipate the precise injury sustained, a person is not charged with all possible consequences of his negligent acts. He is not responsible for a consequence which is merely possible according to occasional experience, but only for those consequences which are probable according to ordinary and usual experience."

Finally, we note the following discussion of foreseeability from *Steele v. Rapp,* 183 Kan. 371, 327 P.2d 1053 (1958), quoting *Stone v. Boston & Albany Railroad,* 171 Mass. 536, 541, 51 N.E. 1 (1897):

"The question is not whether it was a possible consequence, but whether it was probable, that is, likely to occur, according to the usual experience of mankind . . . . One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and

unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable. A high degree of caution might, and perhaps would, guard against injurious consequences which are merely possible; but it is not negligence, in a legal sense, to omit to do so." 183 Kan. 378.

The evidence revealed the weather was dry and windy in Gove County in 1973. Appellee used tinder-dry creosoted poles and old canvas tarps which had lost their fire-resistant capabilities. The employees and inspectors were permitted to smoke on the job site and no extra precautions were taken although appellee was aware of the increased risk of fire caused by the foregoing conditions. On a construction site under appellee's control, with flammable material, gasoline and diesel engines, and permissible smoking, a fire is a foreseeable event and failure to provide adequate fire fighting equipment to control a fire is a breach of duty.

We find appellee failed to sustain its burden of proving it came within the exception to the contract. There was no evidence the fire was an unforeseeable event. The cost of rebuilding the bridge must be assumed by Reece Construction Company.

The judgment of the trial court is reversed and judgment entered for the appellants at the cost of the appellee.

## OPINION ON MOTION FOR REHEARING

Opinion filed June 26, 1981, modifying opinion filed May 1, 1981, and denying rehearing.

HERD, J.: We have considered appellee's Motion for Rehearing and Modification and deny the Motion for Rehearing but grant Modification of the decision by remanding the case to the trial court for disposition of alternative causes of action No. 2 and No. 3, which were conditionally denied by the trial court. Though no cross-appeal was taken thereon and neither cause was briefed nor argued, the two causes were not decided on the merits and are therefore remanded for findings of fact and conclusions of law.

We adhere to the original opinion except as herein modified.