(809 P.2d 8)

No. 65,727

KRISTIE AGUIRRE, a Minor, by and through her natural mother and next friend, TAMMY AGUIRRE, *Appellant*, v. WILLIAM and BETTY ADAMS, Individually and d/b/a Bruce Apartments, *Appellees.*

—

Opinion filed April 12, 1991.

*Kirk W. Lowry*, of Palmer & Marquardt, of Topeka, for appellant.

*William Hergenreter*, of Shaw, Hergenreter, Quarnstrom & Kocher, of Topeka, for appellees.

Before BRISCOE, C.J., REES and PIERRON, JJ.

PIERRON, J.: This is an appeal by the plaintiff, Kristie Aguirre, from the trial court's dismissal of her petition under K.S.A. 60-212(b)(6) for failure to state a claim upon which relief can be granted.

For the purposes of this appeal, the facts are undisputed. The plaintiff was a 17-month-old infant at the time of the accident on November 25, 1986. The defendants are William and Betty Adams, who owned the apartments at 809 West 10th in Topeka, Kansas. The Aguirre family rented apartment No. 4 at 809 W. 10th in August 1986.

The Aguirres complained many times to the Adamses that there was no hot water in the bathroom. On several occasions the Adamses assured the Aguirres that a plumber would be out immediately to fix the problem. During the time the Aguirres lived in the apartment, Tammy Aguirre, the mother of Kristie, had to bring hot water from the kitchen sink tap to the bathtub in order to give Kristie a warm bath.

On the date of the accident Tammy was preparing Kristie's bath in the usual way by bringing hot water from the kitchen sink tap to the bathtub. She had placed Kristie in the living room to watch television while she did this. She had filled two or three basins full of hot water from the tap in the kitchen sink and was on her way to fill another basin when she heard Kristie scream. Tammy immediately ran into the bathroom and grabbed Kristie out of the tub, contacted a neighbor, and rushed Kristie to the hospital. Kristie suffered second- and third-degree burns over much of the lower half of her body.

The plaintiff claims that the defendants breached a statutory and common-law duty to provide hot water to the bathtub. This duty is allegedly based on The Code of the City of Topeka, § 21-58, which is incorporated into the Kansas Residential Landlord/Tenant Act pursuant to K.S.A. 58-2553(a)(1). The ordinance reads as follows:

"Sec. 21-58 Tub or shower. Within every dwelling unit there shall be a room which affords privacy to a person within the room and which is equipped with a bathtub or shower in good working condition. The bathtub or shower may be in the same room as the flush water closet or in another room and shall be properly connected to a water supply system which is approved by the appropriate authority and which provides at all times an adequate amount of heated and unheated water under pressure, and which is connected to a sewer system approved by the appropriate authority."

The plaintiff alleges that the defendants' breach of their statutory duties and breach of due care caused Kristie damages.

"When a district judge sustains a motion to dismiss a plaintiff's petition, we are under a duty to examine the petition to determine whether its allegations state a claim for relief on any possible theory. It is not necessary for the petition to spell out a legal theory for relief so long as an opponent is apprised of the facts that entitle the plaintiff to relief. Dismissal is justified only when the allegations of the petition clearly demostrate plaintiff does not have ·a claim. [Citation omitted.]" *Wicina v. Strecker*, 242 Kan. 278, 280, 747 P.2d 167 (1987).

The trial court dismissed the claim against the Adamses, finding that there was no causation shown. The court found the injury was not foreseeable and Tammy's action was an intervening cause.

In order to have a claim for negligence the plaintiff must show breach of a duty owed by the defendant and damage to the plaintiff, and the breach must be the actual and proximate cause

of the damage. *Baker v. City of Garden City*, 240 Kan. 554, 731 P.2d 278 (1987). In *Baker,* the court stated:

"The proximate or legal cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act. [Citation omitted.]

"Whether conduct in a given case is the cause in fact or proximate cause of plaintiff's injuries is a question of fact for the jury. [Citation omitted.] However, where the facts are such that they are susceptible to only one inference, the question is one of law and may be disposed of summarily by the court when the plaintiff has failed to establish the necessary burden of proof. [Citation omitted.]" 240 Kan. at 557.

Forseeability is an element of proximate cause. *Reece Constr. Co. v. State Highway Comm'n*, 6 Kan. App. 2d 188, 191, 627 P.2d 361, *rev. denied* 230 Kan. 819 (1981). It is not necessary that a defendant should have been able to anticipate the precise injury. A defendant is not responsible for all possible consequences of his or her negligence, only those consequences which are probable according to ordinary and usual experience. 6 Kan. App. 2d at 191.

The trial court also found that Tammy's action or nonaction in supervising Kristie was an intervening cause, superseding the Adamses' negligence. One's negligence is not the proximate cause of the damage if there is a "new, separate, wholly independent, and efficient intervening cause of the injury and the loss." *Finkbiner v. Clay County*, 238 Kan. 856, 862, 714 P.2d 1380 (1986). Foreseeability is also a test in determining if an act of another insulates the act of the first tortfeasor. *Schmeck v. City of Shawnee*, 232 Kan. 11, 28, 651 P.2d 585 (1982). If the original actor could have reasonably foreseen or anticipated the intervening act in light of the circumstances, his act of negligence would be the proximate cause of the injury. 232 Kan. at 28. An intervening cause is material to the extent it "supersedes a prior wrong as the direct cause of an injury by breaking the sequence of events between the original wrong and the injury received." *Finkbiner,* 238 Kan. at 862.

Kansas has not addressed facts similar to those presented here, but other jurisdictions have. See Annot., 63 A.L.R.4th 883. That annotation discusses cases where the lack of hot water has caused

a tenant to take alternate means to heat water, and in the process small children were injured. In *Bennett M. Lifter, Inc. v. Varnado*, 480 So. 2d 1336 (Fla. Dist. App. 1985), *rev. denied* 484 So. 2d 7 (Fla. 1986), the hot water heater broke and the tenant's child was injured when he bumped into his grandmother who was carrying boiling water to the bathroom from the kitchen stove. The court found whether the failure to provide hot water pursuant to the county ordinance was a proximate cause of the accident and whether the injuries were a foreseeable consequence of the landlord's negligence were questions for the jury. 480 So. 2d at 1339. The court found the accident was not so bizarre or infrequent that reasonable people could differ on whether the landlord could anticipate it. Further, the court rejected the argument that the mother's conduct was an intervening cause because she boiled the water instead of simply heating it and because she told the boy to go to the area where she knew the grandmother would be carrying the water. 480 So. 2d at 1339-40.

A similar result was reached by the federal court applying Illinois law in *Enis v. Ba-Call Bldg. Corp.*, 639 F.2d 359 (7th Cir. 1980). There, the children were injured when boiling water spilled over from a kettle on the stove. The water was being used to supply heat because the landlord had failed to supply the minimum amount of heat required by local ordinance. The court found that whether the injury was foreseeable was not so clear as to take the decision from the jury.

A different result occurred in *Martinez v. Lazaroff*, 48 N.Y.2d 819, 424 N.Y.S.2d 126, 399 N.E.2d 1148 (1979), where the court found the failure of the landlord to provide hot water in compliance with law was not the proximate cause of injuries occurring when a child bumped into his father who was carrying hot water to the bathroom. It held the father's action was an intervening cause. The failure to provide hot water, by itself, was not the cause and the injuries were not those normally expected from the landlord's negligence.

In the instant case, although there was a violation of a particular ordinance, that violation was not the proximate cause of this injury. *Noland v. Sears, Roebuck & Co.*, 207 Kan. 72, 483 P.2d 1029 (1971), and *Jackson v. Wood*, 11 Kan. App. 2d 478, 726

P.2d 796, *rev. denied* 240 Kan. 804 (1986), both stand for the proposition that fault can be assessed presumptively if the injury suffered was directly related to the ordinance violation involved. *Noland* involved an injury from falling due to the absence of a handrail, and *Jackson* involved asphyxiation due to an improperly vented device. The present case has no such direct nexus.

The plaintiff candidly admits that her cause of action is based on a deprival of supervision of the child due to the mother being required to fetch hot water. The plaintiff also candidly admits that the mother shares, perhaps substantially, in the causal fault, but contends the landlords cannot be totally absolved.

It is important in the analysis of this case to realize the injury caused by the hot water is only coincidental with the fact that the landlord was not providing hot water in all parts of the apartment. The facts of this case are not as substantial as those cited in the A.L.R. annotation. In the instant case the hot water was where it was supposed to be: in the bathtub. The problem was the child was not being supervised properly when she fell in. Under the plaintiff's theory the defendants are liable due to the mother's absence at the time of the injury. Presumably, if the child had injured herself by falling on the bathtub or down some stairs, or had hurt herself in any other way due to the mother's absence, the defendants would also be liable.

In retrospect it can often be said that, but for a certain fact, an injury would not have occurred. It is always tempting to find causality when the seemingly contributory factor was the result of a violation of a statute or ordinance. However, the injury must be an ordinary and natural consequence of the negligence. As Justice Cardozo said: "Proof of negligence in the air, so to speak, will not do." *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 341, 162 N.E. 99 (1928).

In this case the causality is too attenuated to be legally cognizable. Although a given jury might find otherwise, there is no legal basis for submitting such a question to it. It would be possible to find a set of circumstances where the failure to provide hot water might lead to a sustainable cause of action. We do not have those facts here. The failure to provide hot water in the tub is not the creation of an inherently dangerous situation which

makes the defendant an insurer for any occurrence which remotely arises from that situation.

Affirmed.