5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hugo TEUFEL, III, heir and next friend of Hugo Teufel, Jr.,
Plaintiff-Appellant,
v.
UNITED STATES of America, Sheldon H. Preskorn, M.D.; and
Edward J. Huycke, M.D., Defendants-Appellees.
 No. 92-3260.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This action arises out of the suicide of plaintiff's father shortly after his transfer to the Heartland Care Center (Heartland) from the psychiatric unit of the Wichita Veterans Administration Medical Center (VAMC), where he had been committed under a three-month treatment order issued from state court. Plaintiff alleged VAMC personnel, particularly defendants Preskorn and Huycke, were negligent in directing the transfer despite his father's unstable condition and in failing to send his father's hospital summary to Heartland. He also alleged they violated his father's due process rights by transferring him without obtaining prior court approval, thereby effectively denying his father a hearing to challenge the transfer.
 
 
 4
 Following its substitution as defendant on the negligence claim pursuant to the Federal Tort Claims Act (FTCA), see 28 U.S.C. 2679(d), the United States successfully sought summary judgment on proximate cause grounds, arguing that suicide was not a reasonably foreseeable consequence of the VAMC staff's conduct. The district court also granted summary judgment to defendants Preskorn and Huycke on the due process claim, holding plaintiff failed to show (1)his father had a constitutional right to a pretransfer hearing to challenge a change in the facility of commitment, (2)if such a right existed, the defendant doctors violated it, or (3)if such a violation occurred, the particular right involved was clearly enough established to overcome a qualified immunity defense. Plaintiff appeals both rulings.
 
 
 5
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Under Rule 56(c), entry of summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." For the reasons that follow, we affirm the two rulings under review.
 
 
 6
 We agree with the district court's proximate cause analysis on the FTCA claim. While there is some evidence that at the time of the transfer decedent was not fully stabilized and did not wish to go to Heartland, plaintiff points to nothing in the record sufficient to raise a genuine issue regarding the requisite foreseeability of decedent's suicide upon his transfer there. Plaintiff relies heavily upon the opinions of Dr. William S. Logan, who was critical of the transfer in several respects. See generally Appellant's App. at 141-44 (deposition excerpts), 166-80 (letter stating preliminary findings). Dr. Logan also opined that the deficiencies in care he identified "contributed to [the decedent's] death," Appellant's App. at 179. But on the crucial issue of foreseeability he was substantially more equivocal: "I don't know if foreseeable is the right word. I think a better way to answer it is that I think it was foreseeable that this was a possibility that should have been explored, not necessarily that it would happen...." Appellees' Supp.App. at 213. Under Kansas law, which governs plaintiff's FTCA claim, see Flynn v. United States, 902 F.2d 1524, 1527 (10th Cir.1990), liability in negligence must be premised on the probable consequences of the defendant's conduct, not on mere possibilities, see, e.g., Sly v. Board of Educ., 516 P.2d 895, 903 (Kan.1973); Aguirre ex rel. Aguirre v. Adams, 809 P.2d 8, 10 (Kan. Ct.App.1991). Plaintiff failed to demonstrate the existence of a triable issue on probable cause.
 
 
 7
 Turning to the due process claim, we do not necessarily take issue with the district court's rationale for rejecting this claim on its own terms, but we emphasize a more fundamental defect in plaintiff's cause of action, noted by defendants below and on appeal. See Appellees' Supp.App. at 25-26 (from memorandum in support of summary judgment); Brief of Appellee at 32-33. We refer to "the well-settled principle that a [civil rights] claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir.1990). Here, plaintiff alleged only that defendants violated his father's constitutional rights. In a line of cases from Trujillo v. Board of County Commissioners, 768 F.2d 1186, 1188-90 (10th Cir.1985), through Griffin v. Strong, 983 F.2d 1544, 1548 (10th Cir.1993), this court has recognized an independent, nonderivative constitutional claim in favor of family members or other intimates of a victim in certain circumstances, including where death has ensued. However, in keeping with the principle quoted immediately above, such a claim can arise only if the defendant's impermissible conduct was deliberately directed at, and adversely affected, the plaintiff's protected relationship with the victim. Furthermore, we have stressed that this requisite state of mind may not be established simply by redirecting toward the plaintiff the defendant's wrongful intent toward the victim. See Bryson v. City of Edmond, 905 F.2d 1386, 1393 (10th Cir.1990)(quoting Trujillo, 768 F.2d at 1190).
 
 
 8
 Here, plaintiff has neither expressly invoked, nor alleged or shown facts sufficient to implicate, the Trujillo line of cases. "Nowhere in the complaint [or pretrial order] is there an allegation that any claimed acts or omissions, however intentional, occurred with the specific intent on the part of the defendants to deprive the plaintiff[ ] of [his] rights of association with the victim[ ]." Bryson, 905 F.2d at 1394. Compare id. at 1393-94 and Trujillo, 768 F.2d at 1190 with Morfin v. Albuquerque Pub. Sch., 906 F.2d 1434, 1439-40 (10th Cir.1990). Consequently, plaintiff failed to assert an actionable violation of his own constitutional rights.
 
 
 9
 Plaintiff also maintains he is entitled as son and heir to recover for decedent's wrongful death. See Appellant's App. at 105 (pretrial order); Appellant's Reply Brief at 4. However, two years before summary judgment was entered here, this court "conclud[ed], as did the Sixth Circuit in Jaco [ v. Bloechle, 739 F.2d 239, 242-43 (6th Cir.1984)(decedent's mother may not assert wrongful death claim in civil rights action, but may prosecute survival claim as personal representative of estate) ], that the federal courts must fashion a federal remedy to be applied to [civil rights] death cases. The remedy should be a survival action, brought by the estate of the deceased victim...." Berry v. City of Muskogee, 900 F.2d 1489, 1506-07 (10th Cir.1990); see, e.g., Maldonado v. Josey, 975 F.2d 727 (10th Cir.1992), cert. denied, 113 S.Ct. 1266 (1993); Quezada v. County of Bernalillo, 944 F.2d 710 (10th Cir.1991); Apodaca v. Rio Arriba County Sheriff's Dep't, 905 F.2d 1445 (10th Cir.1990). This action is not prosecuted on behalf of the decedent's estate by its personal representative. See Appellee's Supp.App. at 139 (no estate or executor has even been established).
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3