OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*820 We agree that, as a matter of law, the failure of defendants to supply their tenants with hot water was not the proximate or legal cause of the injuries suffered by the infant plaintiff (Rivera v City of New York, 11 NY2d 856; cf. Pagan v Goldberger, 51 AD2d 508; see Prosser, Torts [4th ed], § 42, p 244). In this instance it was not the failure to supply hot water which was the direct cause of the injuries; the causal connection between the two was attenuated. The failure to furnish hot water gave rise to intervention on the part of the infant’s father to provide a substitute supply of hot water. But that action was not the direct cause of the injuries either. The injuries occurred when the father was transporting a pot of boiling water from the substitute source and the infant plaintiff came out of the bedroom and bumped into him. The intervention of the father brought about injuries to his son which were entirely different in character from any that would have resulted from the failure to supply hot water alone, and those injuries cannot be classified as normally to have been expected to ensue from the landlord’s dereliction.