480 So.2d 1336 (1985)
BENNETT M. LIFTER, INC., Appellant,
v.
Louis Coleman VARNADO, a Minor, by and through His Mother and Next Friend Andrea VARNADO, and Andrea Varnado, Individually, Appellees.
No. 84-251.
District Court of Appeal of Florida, Third District.
November 26, 1985.
*1337 Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellant.
Joe N. Unger, Proenza & White, Miami, for appellees.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal takes us again into the murky waters of proximate causation. The main issue is whether the question of proximate cause should have been taken away from the jury and decided as a matter of law.
Louis Varnado, a four-year-old child, sustained serious bodily burns from boiling water carried in a pot by his grandmother when he collided with her. The grandmother was carrying water from the kitchen to the bathroom of the house which Louis' mother leased from defendant, Bennett M. Lifter, Inc. At the time of the accident on Saturday, March 28, 1981, the electric hot water heater at the Varnado house had been inoperable for three days.
Although the grandmother, Mrs. Wilson, reported the problem to an employee of the defendant, no one was dispatched by the defendant to repair the heater between Wednesday afternoon and Saturday. During those three days Mrs. Wilson boiled pots of water on the stove and carried them the six to seven feet from the kitchen to the bathroom for purposes of personal cleanliness and hygiene of the household members.
On the day of the accident, Louis' mother, Andrea Varnado, and her mother, Mrs. Wilson, were filling the bathtub with hot water so that Mrs. Varnado could take the baths prescribed by her doctor. Mrs. Varnado had already boiled three pots of water on the kitchen stove, and transported them to the bathroom. While in the bathroom with Louis at her side, she realized that she did not need a fourth pot and instructed Louis to tell his grandmother that they had enough. The accident occurred as the child left the bathroom on the way to the kitchen to deliver the message.
The evidence showed further that the hot water heater, which had become inoperable on three or four occasions over the prior six months, had been repaired by the defendant only by replacing fuses or instructing the plaintiffs to replace the fuses. Plaintiffs' expert, an electrical engineer, in describing defendant's conduct, opined that "I don't think reasonable care was exercised." He diagnosed the problem as defective electrical wiring which could have been found and corrected by "[e]ven an apprentice electrician."
In their complaint the minor, through his mother, and the mother, individually, alleged that (1) defendant carelessly and negligently repaired the defective heater, leaving plaintiffs without hot water and requiring that heated water be carried from the kitchen to the bathtub with foreseeable risks of harm, and (2) defendant violated section 17-23, Metropolitan Dade County Code by failing to provide an adequate supply of hot water which proximately led to Louis' injuries. Defendant's pretrial motion for summary judgment was denied.
In the course of trial defendant challenged several of the jury instructions requested by plaintiffs and accepted by the court. After the jury had heard all of the evidence defendant made a motion for a directed verdict which was denied. The jury returned verdicts in favor of the plaintiffs fixing Louis' damages at $750,000 and his mother's at $25,000.
As points on appeal defendant contends first that it was entitled to a judgment as a matter of law because (1) it breached no duty requiring it to conform to a certain standard of conduct for the protection of others including the plaintiffs, and (2) the alleged breach of duty was not the proximate cause of the accident. On the proximate cause issue defendant argues that accidents such as the one sub judice are unusual and cannot reasonably be said to occur as a natural and probable consequence of a temporarily inoperable hot water heater. Instead, defendant argues, it *1338 was Mrs. Varnado's own acts which were the direct cause of the accident, i.e., her act of boiling water rather than merely heating it, and her act of instructing Louis to go to the specific area where she knew Louis' grandmother might be carrying boiling water.
As grounds for a new trial defendant contends that the trial court committed the following prejudicial reversible errors during trial: (1) the court permitted defendant to read portions of section 17-23, Metropolitan Dade County Code to the jury and instructed the jury that a violation of the ordinance was evidence of negligence; (2) the court instructed the jury on "concurring cause" where the facts of the case served as a basis only for an instruction on legal cause, as supplemented with an instruction on "intervening cause"; (3) the court refused to comply with the jury's request that the instructions defining legal cause be reread; and (4) the standard jury instruction by which the trial court defined the negligence issue to be determined by the jury was an inaccurate statement of Florida substantive law and was prejudicial to defendant.
Addressing first defendant's contention regarding lack of a duty, we affirm the trial court's implicit determination that the minimum housing standards set forth in section 17-23, Metropolitan Dade County Code imposed a duty upon the landlord to provide hot running water in every basin, bathtub or shower. Although the question whether a plaintiff is within the class which the ordinance was intended to protect is a question of fact, it cannot be disputed here that plaintiffs, as tenants, were within the protected class. The remaining questions are whether the injury suffered by the plaintiff was of the type which the ordinance was intended to prevent, and whether violation of the code was the proximate cause. See de Jesus v. Seaboard Coast Line Railroad, 281 So.2d 198 (Fla. 1973); Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA), cert. denied, 348 So.2d 946 (Fla. 1977).
"[I]n personal injury cases where liability is grounded in a statute or ordinance violation, questions of whether a plaintiff comes within the class of persons intended to be protected by the statute or ordinance and whether the injury is of the kind generally intended to be prevented have been dealt with in terms of proximate cause and, as such, are subject to the determinations of the triers of fact." Enis v. Ba-Call Building Corp., 639 F.2d 359, 362 (7th Cir.1980) (citing Shehy v. Bober, 78 Ill. App.3d 1061, 1067, 34 Ill.Dec. 405, 410, 398 N.E.2d 80, 85 (1979)). The court properly left the matter to the trier of fact when it instructed the jury that violation of the code could be considered as evidence of negligence. See de Jesus; Grand Union Co. v. Rocker, 454 So.2d 14 (Fla. 3d DCA 1984).
We consider briefly the issues of proximate cause and foreseeability. In Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983), proximate causation was examined exhaustively. In that case it was alleged that the defendant negligently maintained a bicycle path, which caused a minor bicyclist to veer off the path to avoid a spill and cross an adjoining grassy treelined area onto a street where he was struck by an oncoming vehicle. In reversing a summary judgment for the defendant, we held that the negligence of the thirteen-year-old decedent in driving his bicycle in a careless manner could not be said to be an unforeseeable intervening cause as a matter of law, and hence could not bar a wrongful death action against the county.
The parties have presented two cases on the issue of foreseeability which, although factually similar to this case, reach opposite results. Defendant relies heavily on Martinez v. Lazaroff, 66 A.D.2d 874, 411 N.Y.S.2d 955 (1978), aff'd, 48 N.Y.2d 819, 424 N.Y.S.2d 126, 399 N.E.2d 1148 (1979), and the dissenting opinion in Enis, 639 F.2d at 362. Plaintiffs rely, expectedly, on the majority opinion in Enis, and the dissenting opinion in Martinez.
In Enis, the seventh circuit held that the foreseeability of injury from water being boiled on a stove for heating purposes where heat was not provided in an apartment *1339 in accordance with a local ordinance presented a jury question because reasonable men could differ.
The dissent in Enis was of the view that the accident which caused the plaintiff's injuries was the result of an intervening act or force not reasonably foreseeable. Also significant to the view of the dissent in Enis was a presumed fact that the child was injured by the water as it was being heated on the stove, not while the heated water was being transported to another area of the house for bathing.
In Martinez, the Court of Appeals of New York held that the failure of defendants to supply their tenants with hot water was not the proximate cause of the injuries incurred by the plaintiff child when he collided with a pot of boiling water being transported by his father from the kitchen stove to the bathroom. Significant to the court's analysis was the finding that neither the defendant's failure to supply hot water nor the father's intervention by providing a substitute supply of hot water was the direct cause of plaintiff's injuries.
The dissenting opinion of the court of appeals in Martinez criticized the majority for making the determination of proximate cause turn upon the character of injury suffered, inconsistent with prior holdings of that court. Citing the Restatement (Second) of Torts for controlling principles, the dissenting opinion concluded that it cannot be said, as a matter of law, that the father's act "in heating water on the stove in the kitchen and carrying it to the bathroom for purposes of cleanliness was other than a normal consequence of defendants' failure to keep the hot water boiler in repair, or that in view of the well-known propensities of children to climb about and play [cites omitted], the [child's] act in running out of the bedroom was `so extraordinary as to fall outside the class of normal events.'" 424 N.Y.S.2d at 128, 399 N.E.2d at 1150.
We think the views of the court of this state are more in line with the dissenters than the majority of the Martinez court.
Application of the foreseeability test to intervening causes is generally the responsibility of the trier of fact. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980). It is said that the issue will be decided as a matter of law only in cases where reasonable men could not differ. Stahl, 438 So.2d at 21. As a guide to what is a case "where reasonable men could not differ," our courts have employed notions of fairness and policy considerations so as to appropriately relieve a defendant of liability only in highly unusual, extraordinary cases or those with bizarre consequences. Id. (citing Mozer v. Semenza, 177 So.2d 880, 883 (Fla. 3d DCA 1965)). It cannot be said in this case that the harm which resulted from the defendant's action or omission is so bizarre or has happened so infrequently that "in the field of human experience" it could not have been reasonably anticipated. Gibson, 386 So.2d at 522-23; Stahl, 438 So.2d at 21.
As noted by the lower court dissenter in Martinez, "[a]n intervening cause set in operation by the original negligent act or omission which is a normal response to the stimulus of a situation created by such act or omission ordinarily will not relieve the original wrongdoer of liability [cites omitted]." 411 N.Y.S.2d at 960. The law in this state is in accord. The intervention of independent intervening causes does not break the causal connection if the intervention of such forces was itself probable or foreseeable. Vining v. Avis-Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 230 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961).
Finally, the narrow view taken by the majority of the court of appeals in Martinez, 424 N.Y.S.2d at 126, 399 N.E.2d at 1148, that failure to supply hot water to the tenants was not a proximate cause of the child's injuries because of the absence of a direct connection between the defendant's omission and the harm, is also contrary to the law of this state. Actionable negligence may exist not only where a loss results directly from another's negligence but also where the loss or injury, although not direct, results as a consequence so natural *1340 and ordinary as to be regarded as probable. Seaboard Air Line Ry. v. Mullin, 70 Fla. 450, 458-59, 70 So. 467, 469-70 (1915). The two theories of actionable negligence which are mentioned by the Mullin court in the disjunctive, "or," are quite different.
Even more recently in K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 487 (Fla. 1984), we followed the holding of Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981), rev. denied sub. nom. City of Fort Pierce v. Crislip, 411 So.2d 380 (Fla. 1981):
In order for injuries to be a foreseeable consequence of a negligent act, it is not necessary that the initial tortfeasor be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur. Rather, all that is necessary in order for liability to arise is that the tortfeasor be able to foresee that some injury will likely result in some manner as a consequence of his negligent acts.
The very existence of so many cases which wrestle with variations on the basic issue is certainly some clue as to whether the harm which resulted from the defendant's omission was so bizarre that in the course of human experience it could not have been reasonably anticipated. See, e.g., Enis; Mitchell v. Friedman, 11 N.J. Super. 344, 78 A.2d 417 (App.Div. 1951); Cochenour v. Jackson, 237 N.Y. 505, 143 N.E. 720 (1923); Martinez; Cook v. Seidenverg, 36 Wash.2d 256, 217 P.2d 799 (1950). More important, given the nature of the proximate cause question in this case, the wiser course was to submit the question to the jury "to decide using their common sense upon appropriate instructions." Stahl v. Metropolitan Dade County, 438 So.2d at 21 (citing Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187, 1189 (Fla. 1977)). Defendant has not demonstrated that the trial court committed error in submitting the proximate cause issue to the trier of fact.
There are several procedural issues raised which merit brief discussion. We disagree with defendant that it was error to give a concurring cause instruction. Defendant contended that the grandmother's act of transporting the hot water, or the mother's act of using the small child as a messenger, were intervening acts of negligence. Both acts, however, occurred at the same time as defendant's continuing act of failing to provide hot water. Further the jury may have found, by its general verdict, that those acts were forces stimulated as a natural and ordinary response to the defendant's omission, and as such were not intervening causes independent of defendant's original tortious act.
Neither is there a clear showing that the trial court abused its discretion in refusing to comply with the jury's request that the instructions defining legal cause be reread. Immediately after the jurors had retired to deliberate, a question was sent to the court for "definition of negligence and legal cause, and for the deposition testimony of a witness." Defendant's counsel argued that the jury be reinstructed in full on legal cause:
Mr. Bissett: I'm just pointing out, this exemplifies what I was saying. It gets lost and they forget exactly what you said. I think it should be read again, the full charge. The legal cause, the regular definition, the concurring and superseding, and the definition of negligence.
Because the deposition was not in evidence, the jury was informed that it was not available. The trial judge declined to reread the instructions because it had just read them. The jury was instructed to rely on their best recollection.
If the request for reinstruction had been made well after deliberations had begun, or if there had been any other indication that the jury was unclear or confused by the instructions, a better case could be made for abuse of discretion. In this case the request for a rereading of the lengthy instructions came before deliberations actually commenced, as an apparent preparatory act, so there is not the slightest evidence of confusion. Cf. Sutton v. State, 51 So.2d 725 (Fla. 1951) (where jury, two hours into *1341 its deliberation, asked questions calculated to shed light on the controversy, nature of confusion should have been responded to by trial court).
Lastly, defendant argues as a basis for a new trial that Standard Civil Jury Instruction 3.5(i) was not a correct statement of law. The instruction reads:
The issues for your determination on the claim of (claimant) against (defendant) are: ... whether . .. after (claimant tenant) took possession of the dwelling, (defendant landlord) negligently failed to repair a dangerous or defective condition on the premises of which he had actual notice... . [e.s.]
Specifically, it is contended that the comment to the revised instruction states that it is derived from Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981) when in fact the instruction "patently departs from the language contained in the supreme court's opinion in Mansur." While Mansur addressed a condition which was both defective and dangerous, it did not purport to exonerate the landlord from responsibility for faulty injury-producing conditions which are not inherently dangerous. The duty, noted the court, corresponds to the statutory warranty of habitability, found in section 83.51, Florida Statutes (1983), which requires a landlord to provide hot running water. The revised instruction thus comports with the spirit of Mansur. Further we must assume that the supreme court meant precisely what it said in adopting and promulgating the instruction.
None of the procedural issues raised as grounds for a new trial require reversal.
Affirmed.