490 So.2d 1057 (1986)
Southeast BANK, N.A., Appellant,
v.
J.A.M.A. MOBILE HOME PARKS LIMITED PARTNERSHIP and Southeast Fire Insurance Co., Appellees.
No. BI-377.
District Court of Appeal of Florida, First District.
July 2, 1986.
William T. Lassiter, Jr., P.A., and Pajcic, Pajcic, Dale & Bald, Jacksonville, for appellant.
Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
ZEHMER, Judge.
We review on appeal the final judgment dismissing appellant's third amended complaint with prejudice. The complaint was filed by appellant as personal representative for two minor children killed in a fire in the trailer park alleged to be owned and operated by the appellee partnership. Essentially, the complaint alleged that the electrical wiring in the trailer was so defective and dangerous that the Jacksonville Electric Authority terminated service to the trailer until appropriate repairs had been made; that defendant owner was under a duty to repair such defects "before allowing the tenant to take possession of the mobile home"; that defendant had knowledge of such defects and the need for immediate repairs, but failed to make them; that, as a result of the termination of electric service, the tenants were required to use candles at night for purposes of illumination, instead of electric lamps; that the use of such means of illumination was reasonably foreseeable and known by defendant *1058 to be dangerous and unreasonably hazardous to small children living in the trailer; and that, as a result, the two minor children were burned to death in a fire started by the use of such candles. The trial court dismissed the complaint because it failed to allege "ultimate facts sufficient to show that any action of the defendants was the proximate cause of plaintiff's injuries."
We reverse. The complaint contains sufficient allegations of fact to create a jury issue on causation. See Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985); Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985); Enis v. Ba-Call Building Corp., 639 F.2d 359 (7th Cir.1980). The Third District decision in Varnado specifically rejected the reasoning of the New York appellate courts in Martinez v. Lazaroff, 66 A.D.2d 874, 411 N.Y.S.2d 955 (1978), aff'd, 48 N.Y.2d 819, 424 N.Y.S.2d 126, 399 N.E.2d 1148 (1979), as inconsistent with the law of Florida on foreseeability and intervening cause. We agree with the reasoning of our sister court, and likewise reject Martinez.[1]
REVERSED and REMANDED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] We would be remiss in not pointing out that the trial judge did not have the benefit of the opinion in Varnado at the time the appealed judgment was entered.