PER CURIAM.
This is an appeal by the plaintiff Teresa Aldana from a final judgment based on a jury verdict in a negligence/assault and battery action. The jury found for the plaintiff on her negligence claim and awarded her $75,698.60 in compensatory damages (reduced by a 30% comparative negligence finding) and $25,000 in punitive damages; the jury found for the defendant Winn-Dixie Stores, Inc., however, on the *730 plaintiff’s assault and battery claim. The plaintiff claims that certain errors occurred below which entitle her to (1) a striking of the 30% comparative damage finding, and (2) a new trial on punitive damages only. We cannot agree and affirm.
First, the plaintiff contends that the trial court erred in not directing a verdict on her assault and battery claim, and that with such a directed verdict she would be entitled to the $75,698.60 compensatory damages awarded by the jury without the 30% comparative negligence offset. We reject this argument because the plaintiff never moved for a directed verdict on the assault and battery claim at the close of all the evidence and, accordingly, has waived this point for appellate review. Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88, 90 (Fla.1985).
Second, the plaintiff contends that the trial court erred in not rereading a jury instruction on assault and battery. We conclude that no abuse of discretion in refusing such reinstruction is shown on this record sufficient to entitle the plaintiff to a new trial, as urged, on punitive damages only. Indeed, the subject instruction had nothing to do with punitive damages. Henry v. State, 359 So.2d 864 (Fla.1978); Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985), rev. dismissed, 484 So.2d 7 (Fla.1986).
Third, the plaintiff contends that the trial court erred in denying her motion for new trial on punitive damages only based on the defense counsel’s final arguments to the jury. We reject this point because no showing is made on this record that any of these arguments, many of which were not even objected to, caused the plaintiff any material injury. The jury found for the plaintiff and awarded her $75,098.60 in compensatory damages which the plaintiff finds perfectly adequate; most, if not all, of the complained-of arguments go to the liability and compensatory damage issues on which the jury found for the plaintiff; and the amount of punitive damages awarded was perfectly adequate given the facts and circumstances of this case. See St. Regis Paper Co. v. Watson, 428 So.2d 243, 247-48 (Fla.1973); Brumage v. Plummer, 502 So.2d 966, 968-69 (Fla. 3d DCA), rev. denied, 513 So.2d 1062 (Fla.1987); Gregory v. Seaboard Sys. R.R., 484 So.2d 35, 38-39 (Fla. 2d DCA), rev. denied, 492 So.2d 1334 (Fla.1986); Wasden v. Seaboard Coast Line R.R., 474 So.2d 825 (Fla. 2d DCA 1985), rev. denied, 484 So.2d 9 (Fla.1986).
Finally, we see no merit in the plaintiff’s point concerning the final judgment, and, accordingly, the said judgment is in all respects
Affirmed.