PER CURIAM.
Patricia Estock appeals from a final judgment entered pursuant to a directed verdict for Chris Krstic. We reverse.
Estock had been one of three guests on a day’s outing aboard Krstic’s motorboat in September, 1982. Throughout the excursion, the party enjoyed various alcoholic beverages. On the return trip, the boat was proceeding through a narrow channel when another boat travelling in the opposite direction crossed its path. The turbulence created by the wake of the other boat caused Estock to fall to the deck and strike the dashboard. She suffered a cut to her chin. Upon returning to the marina, Krstic took Estock to the hospital where she received stitches and a cervical X-ray. Es-tock subsequently experienced severe vertigo and consulted numerous physicians for treatment. A neurologist ultimately diagnosed Estock’s vertigo as whiplash allegedly resulting from her fall on Krstic’s boat.
Estock brought a negligence action for her injuries. Her complaint alleged that Krstic had negligently operated his motorboat, that his intoxication had rendered him unable to operate the boat safely, that he had operated the boat at an excessive rate of speed, and that his operation of the boat while under the influence of alcohol violated section 327.35, Florida Statutes (1981).[1] Krstic denied the allegations and asserted Estock’s comparative negligence as an affirmative defense.
The case proceeded to trial. After a jury was impaneled and counsel for both sides made opening statements, Estock’s counsel presented the videotaped depositions of the two individuals who had accompanied Krstic and Estock on the boat ride. During a recess, the trial court communicated to counsel its concern that the evidence presented thus far had failed to establish Krstic’s negligence. The trial court then listened to the proffer of Estock’s counsel *769 as to the remaining evidence to be presented. The proffer consisted of the relevant portions of Estock’s deposition describing how she sustained her injury. Estock’s counsel also pointed out to the trial court the testimony regarding Krstic’s intoxication, the possible statutory violation involved, and the applicability of the dangerous instrumentality doctrine. Krstic’s counsel moved for a directed verdict which the trial court granted on the ground that there was no evidence upon which a jury could find that Krstic was negligent. The trial court entered final judgment in favor of Krstic.
Estock contends, and we agree, that the allegation concerning Krstic’s violation of section 327.35 posed a jury issue as to Krstic’s negligence in consuming alcohol and operating his boat. See Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336, 1338 (Fla. 3d DCA 1985) (violation of ordinance could be considered as evidence of negligence), rev. dismissed, 484 So.2d 7 (Fla.1986). See also de Jesus v. Seaboard Coast Line R.R., 281 So.2d 198, 201 (Fla.1973) (violation of traffic regulation constitutes negligence per se). It was incorrect for the trial court summarily to terminate Estock’s case without affording her an opportunity to develop the remaining elements of her cause of action in order to establish actionable negligence. Accordingly, the directed verdict and final judgment are reversed and the cause remanded for trial on the merits.
Reversed and remanded.
SCHWARTZ, C.J., and NESBITT, J., concur.

. Section 327.35, Florida Statutes (1981), provides:
327.35 Operating vessel while under Influence of intoxicating liquor or controlled substance. — It is unlawful for any person who is under the influence of an alcoholic beverage, any substance controlled under chapter 893, or any chemical substance set forth in s. 877.-11, when affected to the extent that his normal faculties are impaired, to operate or be in actual physical control of any vessel on the waters of this state.