PER CURIAM.
Willie B. Bean, the personal representative of his eighteen-month-old son’s estate, brought this wrongful death action against Carey’s Rental Agency, Inc., the manager of the apartment building in which the decedent child resided with his mother, Marilyn Johnson. The trial court entered summary judgment for Carey’s, and Bean appeals. We reverse.
Bean’s son died when he spilled on himself and inhaled the noxious fumes of a substantial quantity of mineral spirits, a hazardous paint thinner. Viewing the facts, as we must, most favorably to the appellant, the mineral spirits had been furnished to Johnson by Carey’s employee, Danny Sawyer, when Johnson undertook to paint a bedroom of her apartment. Johnson was painting the apartment upon Carey’s refusal to do so, despite the apartment’s having been cited for housing code violations relating to the unsanitary condition of the walls and ceilings. According to Johnson, she was aware of the danger of mineral spirits if swallowed and asked Sawyer to put the mineral spirits in a closed container. Sawyer instead gave Johnson the mineral spirits by pouring some from his one-gallon closed container into a plastic one-liter soda bottle with a cut-off top. Sawyer knew that inhaling the fumes of mineral spirits was dangerous but failed to warn Johnson of this.
We reject Carey’s argument that under the facts viewed most favorably to the appellant, “the mother’s negligence in placing the known dangerous substance within easy reach of her child and taking no precautions to prevent him from playing with it, as she knew he would want to do, was the sole proximate cause of the child’s death.” Although a jury may conclude that Johnson’s negligence was indeed the sole proximate cause of the child’s death, we cannot so conclude as a matter of law. See Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983).
Reversed and remanded.