■ JOAN ALLEN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [598 NYS2d 793] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered September 10, 1992, which denied defendant's motion for summary judgment, unanimously affirmed, without costs. The appeal from the decision of the same court, dated July 3, 1992, unanimously dismissed as taken from a nonappealable paper, without costs.

There being no real controversy over how the intruder gained access to plaintiff's terrace, and plaintiff's injuries were such "as normally to have been expected to ensue from [defendant's alleged] dereliction" (Martinez v Lazaroff, 48 NY2d 819, 820), we reject defendant's argument that there are no triable issues of proximate cause, and leave it to the jury to decide whether plaintiff's leaving the terrace window of her top floor apartment partially open on a summer's night was an independent, intervening act that severed the causal connection between defendant's alleged negligence in providing security against intruders and the ability of the intruder who attacked plaintiff to gain access to her apartment (see, Jacqueline S. v City of New York, 81 NY2d 288; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315-316; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-519). Concur—Murphy, P. J., Carro, Wallach, Kassal and Nardelli, JJ.