WOLF, Judge.
Appellant, Steven R. Powers, appeals the amended final summary judgment in favor of Ryder Truck Rental, Inc. (Ryder), the defendant in the trial court. The trial court found that there were no issues of material fact, that the alleged negligence of Ryder was not the legal cause or a contributing legal cause of plaintiffs injuries, and that Ryder’s failure to repair the door strap in question was too remote to be the proximate cause of the injury. We find that the trial court erred in making these determinations, and reverse the final summary judgment.
Ryder owned and leased a truck to Florida Food Service, the employer of the appellant. As part of the lease and service agreement, Ryder agreed to provide lubricants, tires, tubes, and all other operating supplies necessary for the truck. The trial court specifical *980 ly found that Ryder had the duty to maintain and repair the door strap. Only Ryder and parties authorized by Ryder were to make any repairs or adjustments to the truck. Florida Food Service was obligated to notify Ryder when repairs were necessary.
The truck in this case was used by the appellant to make deliveries. When appellant noticed that the door strap, which was part of the original equipment on the truck, was frayed, he requested that Ryder have the door strap replaced. The strap was used to pull the door down so that it could be closed. Ryder failed to make the repairs despite repeated requests, and in September of 1989, the door strap broke. Appellant attached a nylon rope to the rear door of the truck in order to close the door, and continued to submit repair vouchers to Ryder.
On January 31,1990, as appellant was attempting to close the rear door, the nylon rope broke and appellant fell, sustaining severe injuries to his neck and back. Appellant has not been able to return to work, and has required surgery to his cervical and lumbar spine. Appellant subsequently brought a suit for damages, and Ryder moved for summary judgment. Ryder alleged that the accident was not proximately caused by the vehicle or the equipment that was leased, and that the appellant was using the rope in an unusual manner, inconsistent with its purpose. Appellant argued that the original door strap was the only means of closing the rear door, and but for Ryder’s negligence in failing to replace the broken the strap, appellant would not have been forced to resort to attaching a substitute rope himself. The trial court granted Ryder’s motion for summary judgment, specifically finding that
Ryder owed to plaintiff a duty to repair the broken door strap.
Ryder did not owe to plaintiff a duty to maintain the nylon rope.
Plaintiff knew, or should have known, the risks of using the rope he selected.
The record clearly implies that Plaintiff was under no compulsion to use an unsafe rope, nor was Plaintiff prevented from repairing the strap or using any other safe method of closing the door.
Ryder’s failure to repair the door strap was not the legal cause, nor contributing legal cause, of injury when Plaintiff knew the risks of using the nylon rope he selected, and voluntarily used it anyway. Ryder’s failure to repair the door strap was too remote to be the proximate cause of Plaintiffs injury.
Because the record clearly demonstrates the cause of the injuries to be the Plaintiffs’ intentional conduct, the nexus between any claimed negligence and injury is broken.
The apparent reason for the ruling was that the trial judge believed, in light of plaintiffs intervening negligence, that the actions of Ryder were no longer a proximate cause of plaintiffs injuries.
In McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), the Florida supreme court discussed the determination of an existence of duty, and whether the breach of that duty was a proximate cause of injuries to the plaintiff. The court found that the duty element concerned whether the defendant’s conduct foreseeably created a broader zone of risk that posed a general threat of harm to others. This is a threshold legal requirement; thus, as to duty, the appellate court must determine only whether the defendant’s conduct created a foreseeable zone of risk. “Duty exists as a matter of law and is not a factual question for the jury to decide.” McCain, 593 So.2d at 503. Both parties concede, and the trial judge determined, that Ryder owed a legal duty to users of the truck door.
Foreseeability as it relates to proximate cause, however, is a specific factual question as to what extent a defendant’s conduct foreseeably and substantially caused the specific injury that actually occurred. Id. at 502. It is immaterial that a defendant cannot foresee the precise manner in which an injury occurs. The true extent of liability is a question for the jury to decide. Id. at 503. In McCain, the court reversed a directed verdict for the defendant and reinstated the jury verdict in favor of the plaintiff.
In Kowkabany v. Home Depot, Inc., 606 So.2d 716 (Fla. 1st DCA 1992), this court had *981 occasion to address the principles of McCain. An employee at Home Depot helped a customer load some lumber into the car in such a manner that it was sticking out from the window. The customer hit a bicyclist who later sued. The trial court granted a motion for directed verdict in favor of Home Depot, but this court reversed, finding that Home Depot created a zone of risk when it undertook the duty to safely load the timber into the car. This established the duty requirement as a matter of law. Regarding proximate cause, the court found the test to be whether Home Depot set into motion the subsequent negligence or whether it merely provided the occasion for the subsequent negligence. Kowkabany, 606 So.2d at 721. An intervening cause should only be found where the circumstances are highly unusual or bizarre or seem beyond the scope of any fair assessment of danger created by the defendant’s negligence. Id. The court held that the issue of whether the negligence of Home Depot was the proximate cause of the injuries was a jury question.
In Stazenski v. Tennant Co., 617 So.2d 344 (Fla. 1st DCA 1993), the plaintiff was injured when he fell from an elevated fork lift and struck his wrist on the sharp edge of an industrial sweeper manufactured by the ap-pellee. The appellant sued, alleging that the defect in the sweeper was a proximate cause of his injuries and that the appellee was liable for those injuries. This court reversed the summary judgment in favor of the manufacturer. The court found that the sweeper had sharp edges which constituted an unreasonably dangerous condition for all parties who might come in contact with the edges. The court noted that it is not necessary that the tort-feasor be able to foresee the exact nature and extent of the injuries, but all that is necessary for liability to arise is that the tort-feasor be able to see that some injury will likely result in some manner as a consequence of his negligent acts. Thus, the negligent behavior of the plaintiff prior to coming into contact with the sweeper did not constitute an intervening cause which would relieve the tort-feasor of liability. The determination as to whether the specific injury was generally foreseeable or merely an improbable freakish occurrence was a determination for the fact finder to make. Stazen-ski supra at 347.
In Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985), the court held that the negligent manner in which a grandmother carried hot water or her negligence in allowing the injured child to be in the area where hot water was being transported, did not relieve a landlord from liability for failure to provide hot water where the jury could find that the alleged intervening negligence of the grandmother was “set in operation by the original negligent act,” or “constituted a normal response to the stimulus of the situation created by” the negligent act of the landlord. Id. at 1339.
As stated in Bennett M. Lifter, supra at 1339,
Application of the foreseeability test to intervening causes is generally the responsibility of the trier of fact. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla.1980). It is said that the issue will be decided as a matter of law only in cases where reasonable men could not differ. Stahl [v. Metropolitan Dade County], 438 So.2d [14], 21 [ (Fla. 3d DCA 1983) ]. As a guide tp what is a case “where reasonable men could not differ,” our courts have employed notions of fairness and policy considerations so as to appropriately relieve a defendant of liability only in highly unusual, extraordinary cases or those with bizarre consequences. Id. (citing Mozer v. Semenza, 177 So.2d 880, 883 (Fla. 3d DCA 1965). It cannot be said in this case that the harm which resulted from the defendant’s action or omission is so bizarre or has happened so infrequently that “in the field of human experience” it could not have been reasonably anticipated. Gibson, 386 So.2d at 522-23; Stahl, 438 So.2d at 21.
In the case at bar, Ryder had a duty to repair the door strap. The fact that there was no strap to assist in closing the door created a zone of risk such that some type of accident in closing the door might occur. It cannot be said that replacing the strap with a nylon rope was so highly unusual or bizarre that a fact finder could not find that it was *982 reasonably foreseeable. See McCain, supra 593 So.2d at 504. The question of proximate cause was for the fact finder to determine. The summary judgment is reversed.
ERVIN and JOANOS, JJ., concur.