676 So.2d 72 (1996)
Gillies BOSKET, Appellant/Cross-Appellee,
v.
BROWARD COUNTY HOUSING AUTHORITY, Appellee/Cross-Appellant.
No. 95-3000.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
*73 Michael B. Udell of Law Offices of Michael B. Udell, Pembroke Pines, for appellant/cross-appellee.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, and Charles M.P. George of George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, for appellee/cross-appellant.
PER CURIAM.
This is an appeal and cross-appeal arising out of an order directing a verdict against appellant in her negligence action. We reverse the main appeal and remand for new trial. The cross-appeal is affirmed.
Appellant, a tenant in a townhouse, sued the owner/appellee for burns from a grease fire, which occurred when appellant left some oil heating in a pan on the stove. After appellant's case was presented to the jury, the trial court granted a directed verdict in favor of appellee, concluding that appellant's case had not established causation because appellant's injuries were caused by her own actions, and finding that whether appellee was negligent in maintaining a fire extinguisher was not determinative because it did not relate to causation.
Appellant alleged that appellee was negligent in failing to maintain readable knobs on the stove and in failing to inspect and/or maintain the fire extinguisher provided in the townhouse.
Appellant's testimony established the following: In preparing dinner, appellant placed oil in a frying pan on the stove and turned the burner on. When one of her children called to her, she went over to the stove and turned the knob to what she assumed was off because the light indicator went off. The knob for the burner which appellant used was worn so the words on the knob could not be read, as was depicted by photographs. Appellant then sat down with her boys to watch movies. After ten or fifteen minutes, they saw smoke and fire from the kitchen. Appellant was in a state of disbelief because she thought the stove was off due to the indicator light being off.
The first thing she did was to take down the fire extinguisher, which was located on the kitchen wall. She attempted to use the fire extinguisher, but it did not work. Nothing came out when she squeezed it. Appellant knew how to operate a fire extinguisher. When the fire extinguisher did not work, appellant threw salt on the fire, but that did not work either. Appellant then picked up the frying pan with the burning oil and took it to the back door. The fire blew back towards appellant's face, caught her hand/ arm, and appellant dropped the pan. Apparently the burning grease splattered onto appellant causing her burns. When the fire extinguisher did not work, appellant became hysterical because she knew she had to put the fire out because of her children and the kids next door. She did not think to call 911 because she was just thinking about putting the fire out.
Appellant further testified that she had asked the maintenance supervisor to change the knobs on her stove. He told appellant that he would have to charge her, but he never brought the new knobs. Appellant's two sons corroborated appellant's claim that she attempted to use the fire extinguisher, but it did not work.
Appellant called three witnesses who worked for appellee. They could not confirm whether appellant's fire extinguisher had propellant in it at the time of the fire. Appellee had the fire extinguishers inspected on a yearly basis by an outside company, even though the extinguisher label indicated that it should be inspected monthly.
The landlord of a residential dwelling unit has a duty "to transfer a reasonably safe dwelling unit to the tenant [and] ... to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant," unless the tenant waives such defects. Mansur v. Eubanks, 401 So.2d 1328, 1330 (Fla.1981). This duty would encompass a duty to provide readable *74 stove knobs, if the jury found that appellant did request new knobs.
Additionally, the testimony of the director of housing management could be interpreted to say that under the lease appellee had a duty to maintain the fire extinguisher in good and safe working order, as it did with other electrical appliances or mechanical objects. Furthermore, "[i]t is clearly established that one who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care." Union Park Memorial Chapel v. Hutt, 670 So.2d 64, 66-67 (Fla. 1996). Thus, even if appellee had no legal duty to provide a fire extinguisher, once appellant undertook to provide a fire extinguisher, it had a duty to exercise reasonable care in this regard.
Whether appellee breached these duties of reasonable care was for the jury to decide. See Hutt, 670 So.2d at 67; McCain v. Florida Power Corp., 593 So.2d 500, 502, 504 (Fla.1992). The trial court did not seem troubled by appellant's case regarding whether there was evidence to go to the jury on the breach of a duty. Rather, the court was concerned with whether appellant's case could establish proximate causation.
Proximate causation is established "if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question.... However, ... it is immaterial that the defendant could not foresee the precise manner in which the injury occurred or its exact extent." McCain, 593 So.2d at 503 (citation omitted). Moreover, proximate causation does not require an injury to result directly from the tort-feasor's act, but rather proximate causation exists where the injury "results as a consequence so natural and ordinary as to be regarded as probable." Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336, 1339-40 (Fla. 3d DCA 1985), rev. dismissed, 484 So.2d 7 (Fla.1986).
[W]here reasonable persons could differ as to whether the facts establish proximate causationi.e., whether the specific injury was genuinely foreseeable or merely an improbable freakthen the resolution of the issue must be left to the fact-finder. The judge is free to take this matter from the fact-finder only where the facts are unequivocal, such as where the evidence supports no more than a single reasonable inference.
McCain, 593 So.2d at 504 (citations omitted).
An intervening cause may relieve the defendant tort-feasor from liability if the intervening cause is completely independent of the defendant's negligence, was not set in motion by the defendant's negligence, and was not foreseeable by the defendant. Townsend v. Westside Dodge, Inc., 642 So.2d 49 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1197 (Fla.1995); Varnado, 480 So.2d at 1339. Whether the evidence shows there was an intervening cause relates to the factual question of the defendant's proximate causation and is to be determined by the fact-finder. McCain, 593 So.2d at 504.
Varnado is factually analogous. An electric hot water heater had been inoperable for three days, the mother and grandmother were filling the bathtub with water boiled on the stove. While the grandmother was transporting a pot of water to the bathtub, she collided with her grandson who had been sent from the bathroom by his mother to give the grandmother a message. The child was injured by the hot water. The third district determined that it was for the trier-of-fact to decide if the broken water heater was the proximate cause of the child's injuries and whether intervening superseding causes were presented by the grandmother's act of transporting the hot water and/or the mother's act of sending the child with a message.
From the evidence produced during appellant's case, reasonable persons could differ in deciding whether it was foreseeable that a fire and resulting injuries were likely to be substantially caused by appellee's failure to provide readable stove knobs and properly maintain the fire extinguisher. Although the failure to replace the knobs and/or maintain the fire extinguisher may not have directly caused the fire and appellant's injuries, a jury could reasonably conclude that the fire and resulting injuries were a *75 foreseeable and probable consequence of the failure to replace the unreadable knobs and/or maintain the fire extinguisher. Therefore, the jury should have been permitted to decide this question. Whether appellant's action in attempting to take the frying pan outside was an intervening cause which superseded appellee's negligence likewise should have been left for the jury to determine.
Accordingly, the trial court erred in directing a verdict in favor of appellee.
On remand, we direct that two errors not be repeated at trial; namely, improper impeachment of appellant's former counsel, and introduction of appellant's lease to show the amount of rent she was paying. The lease would be relevant only as to appellee's duties. Finally, we find no abuse of discretion in the trial court's evidentiary rulings regarding the two fire extinguishers.
GLICKSTEIN, PARIENTE and SHAHOOD, JJ., concur.