PER CURIAM.
We affirm the final summary judgment entered in favor of appellee. Appellants initially claim that they had not received á notice of hearing on the motion for summary judgment, although they were present to argue a similar motion filed on behalf of a co-defendant. The trial court offered the appellants additional time to respond to the motion, and they filed affidavits and a memorandum in response to the motion without contesting the procedure. Thus, they waived any objection that they may have had with respect to the lack of notice. See Ultimate Corp. v. CG Data Corp., 575 So.2d 1338, 1339 (Fla. 3d DCA 1991).
On the substantive issues, we hold that the impact rule precludes Mrs.. Vivona’s recovery of damages for emotional distress because she failed to offer any evidence of any physical impact to her. See R.J. v. Humana of Florida, Inc., 652 So.2d 360, 362 (Fla.1995). Mrs. Vivona’s reliance on Zell v. Meek, 665 So.2d 1048 (Fla.1995), which recognized a negligence action for discernible physical injuries resulting from the psychological trauma of witnessing a negligent injury of a close family member, is misplaced because both Mr. and Mrs. Vivona sought recovery for their own direct injuries; they did not allege that they had witnessed each other suffer any physical injury. See Ruttger Hotel Corp. v. Wagner, 691 So.2d 1177, 1179 (Fla. 3d DCA 1997).
Finally, with regard to Mr. Vivona’s injuries, we hold that the trial court did not err in granting summary judgment on the issue of proximate cause. See McDonald v. Florida Dep’t of Transp., 655 So.2d 1164, 1168 (Fla. 4th DCA 1995); Bosket v. Broward County Hous. Auth., 676 So.2d 72, 74 (Fla. 4th DCA 1996).
Affirmed.
WARNER, KLEIN and STEVENSON, JJ., concur.