Dear Mr. Drennen:
This office is in receipt of your request for an opinion of the Attorney General in regard to privacy in connection with a new integrated Statewide Human Resources Management System. You indicate due to the very nature of a human resource management system which is based upon a complete history of the employee, privacy issues and the security of those data elements are of paramount importance. Approximately fifty items of the more than two hundred data elements on the worksheet to be maintained on each employee you deem not to be public records, and in order to provide validation in the implementation of the security provisions of the system, you request this office's opinion as to which of those items would be subject to the Public Records Act.
Without detailing the extensive list of items on the worksheets individually, we feel it appropriate to set forth generally personnel information that this office has determined would not be subject to public record, along with the exceptions in the statutes. We note that categories you feel would not fall into the category of public record are those such as a social security number, residence and telephone information, banking data, tax information, personal identification as name, birth date, gender, physician, disabilities, and benefit plans, coverage and costs.
First we find it pertinent to recognize that exceptions of the public records law are set forth in R.S. 44:3 through R.S. 44:17, and while it is necessary to recognize that the public record statutes must be liberally construed so as to extend, rather than restrict access to public records by the public, the right to examine and obtain copies of public records is not absolute and unqualified. Each must be determined in light of the circumstances. Title Research Corp. v. Rausch, 433 So.2d 1105
(La.App 1 Cir. 1983). In this regard a general rule has been stated that the Public Records Act would not require disclosure of information that an individual has a reasonable expectation would remain private, Capital City Press v. East Baton Rouge ParishMetropolitan Council, 676 So.2d 73 (La.App. 1 Cir. 1996).
The Federal Freedom of information Act, 5 U.S.C. § 522, exempts from public inspection all personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. However, this office has stated that there exists no protectable privacy interest in general employee information as to education, salary, tenure, rank or title and military service, and such information would be subject to disclosure. Atty. Gen. Op. No. 93-482.
Additionally, in Atty. Gen. Op. 79-242 this office concluded that personally identifiable documents in the personnel folder of an employee do not constitute public records merely by the presence in the personnel file, and stated:
 We do not believe that the Legislature meant to include everything (e.g. memo, work papers) which any public official may happen to reduce to writing. It is our opinion the statute, R.S. 44:1, includes only those writings which are used in the performance of the functions of the public body.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 Such documents would be subject to public access only if the information is deemed relevant to the functioning of the public body. But to be made public the personally identifiable characteristics of personnel records would have to be excised. (Emphasis added.)
Pertinent to some of your specific inquiries are the conclusions of this office under the law and jurisprudence that there is a strong expectation of privacy as to a person's social security number, and social security numbers should be deleted from public records, Atty. Gen. Op. Nos. 93-445, 91-295.
However, while it has been concluded a social security number, W-2 forms, tax return or information specifically taken from a tax return are not subject to disclosure, gross wages and salary deductions of a public employee may be disclosed. Atty. Gen. Op. 89-187.
With regard to home telephone numbers and addresses, this office has declared that home telephone numbers and addresses of public employees are public record unless the employee requests that they be confidential, and by such a request there is an expectation of privacy. However, it should be noted that this is not applicable to retirees of public retirement systems under R.S. 44:16 which provides all records of retirees of public retirement systems who are in DROP are exempt except for retirement allowance, final average compensation, years of service, and agencies and dates with which employed.
With regard to a selection questionnaire for appointments to boards and commissions, this office recognized a distinction between those not selected and those appointed insofar as disclosure. For those not selected, it was concluded the applications should be shielded, but for appointees, data including addresses, date of birth, education, current and former employment, may be disclosed, whereas marital status and organizational membership should be excised. Atty. Gen. Op. 82-648.
In Atty. Gen. Op. 93-445A this office recognized that an individual's right of privacy must be balanced with the public's right to be informed. It was found while a public employee's gross income is subject to disclosure, as to other "tax related" employee information, there is a reasonable privacy interest, and stated as follows:
 It is the opinion of this office that an employee has a reasonable expectation of privacy in information pertaining to his or her tax exemptions, taxable wages, federal tax, FICA wages, FICA tax, Medicare wages, Medicare tax, and state tax. The determination of this tax information requires the consideration of personal data which has little or no relation to public employment. Therefore, it is reasonable for the employee to assume that such information will remain confidential and, further, there is no overriding public interest in access to this information which would require its disclosure.
We hope this information will be sufficient for you to determine those items on the extensive data element worksheet which would be subject to disclosure and those that should be excised as personal data where there is an expectation of privacy.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr