■ JAMES RALPH et al., Respondents, v LUDWIG LICCIARDI, M.D., P. C., et al., Defendants and Third-Party Plaintiff-Respondents, and MANBRU CONSTRUCTION SERVICES, INC., Respondent. RIVER AVENUE CONTRACTING CORPORATION, Third-Party Defendant-Appellant. [727 NYS2d 905] —In an action to recover damages for personal injuries, etc., the fourth-party defendant River Avenue Contracting Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), as denied that branch of its cross motion which was for summary judgment dismissing all claims and cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which

was for summary judgment dismissing all claims and cross claims insofar as asserted against the appellant is granted, and the action against the defendant and third-party defendant is severed.

After River Avenue Contracting Corporation (hereinafter River Avenue) established a prima facie case of entitlement to judgment as a matter of law, the respondents failed to raise a triable issue of fact. The Supreme Court incorrectly found that the subsequent acts by the other contractors altering the work done by River Avenue were not sufficient to attenuate its conduct from the ultimate injury (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Martinez v Lazaroff,* 48 NY2d 819; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.